IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00055-MJW-CBS

WILLIAM BUTLER,

Plaintiff,

v.

DIRK KEMPTHORNE, Secretary United States Department of the Interior,

Defendant.

---

**ORDER**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

It is hereby **ORDERED** that the Plaintiff's Motion for Summary Judgment (Docket No. 8) is **denied**.

In essence, that motion is a motion for an entry of default and/or for a default judgment.  The Clerk of the Court did not enter a default.  (Docket No. 9).  Even if a default had been entered, this court would vacate that entry.  Rule 55(c) of the Federal Rules of Civil Procedure provides in relevant part that "[f]or good cause shown the court may set aside an entry of default . . . ."  Fed. R. Civ. P. 55(c).  "The principal factors in determining whether a defendant has met the good cause standard are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the

2

plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense." Hunt v. Ford Motor Co., 1995 WL 523646 (10th Cir. Aug. 29, 1995).  The court need not consider all of these factors, and the court may consider other factors.  Id.  The three factors listed above are not "talismanic."  Id.  "Generally, a defendant's conduct is considered culpable if he has defaulted willfully or has no excuse for the default."  Id.

Here, defense counsel has shown excusable neglect for his very brief tardiness in filing defendant's motion for an extension of time to answer or otherwise respond to the complaint. (See Docket No. 26).  Defendant was served on January 12, 2007, making his answer due on March 13, 2007.  The day before that deadline, defense counsel attempted to confer with plaintiff to request a short extension of time to answer or otherwise respond to the complaint.  Prior to moving for an extension, defense counsel did not receive a response from the pro se plaintiff.  According to defense counsel, the motion for an extension was drafted in time for filing on March 13, 2007, but for reasons set forth by defense counsel, the actual electronic filing was delayed until the following morning.  There is no prejudice to the plaintiff as a result of a ten-hour delay in filing under the circumstances presented here.  Furthermore, defendant has presented what may very well be a meritorious defense in his motion to dismiss.  Finally, it is well established that "[d]efault judgments, to be certain, are disfavored."  Pelican Prod. Corp. v. Marino, 893 F.2d 1143, 1146 (10th Cir. 1990).  Plaintiff's motion for summary judgment is  denied.

It is further **ORDERED** that the Defendant's Motion for Extension of Time to

3

Answer or Otherwise Respond to Complaint (Docket No. 7) is **granted**.

Done this 4th day of April 2007.

BY THE COURT:

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge