IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00055-MJW-CBS

WILLIAM BUTLER,

Plaintiff,

v.

DIRK KEMPTHORNE, Secretary United States Department of the Interior,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Pro Se Plaintiff's Motion to Seek Leave of Court to File Amended Complaint (docket no. 45) is DENIED for the following reasons. Pro Se litigants must "comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."  **Odgen v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994); Hickey v. (NFN) Van Austin et al., 1999 CJC.AR 5979**

The fact that a party is appearing pro se does not relieve that individual from the obligation of complying with all applicable rules of the court.  **Colorado v. Carter, 678 F. Supp. 1484, 1490 (D. Colo. 1986); Hall v. Doering, 997 F. Supp. 1464, 1468 (D. Kan. 1998)** (pro se plaintiffs are held to the same rules of procedure which apply to other litigants).

It is not the proper function of the district court to assume the role of advocate for the pro se litigant.  **Gibson v. City of Cripple Creek, 48 F 3d 1231, (10th Cir. 1995).**

In reviewing the subject motion, this court has reviewed the Pro Se Plaintiff's Amended Complaint (docket no. 35) that was previously stricken by this court's minute order (docket no. 41) on May 16, 2007, since the Pro Se Plaintiff had failed to comply with Fed. R. Civ. P. 15(a).  In viewing and interpreting the Pro Se Plaintiff's Amended Complaint, in light most favorable to the Pro Se Plaintiff, this court finds that the Pro Se Plaintiff seeks to amend his complaint by adding a new claim alleging "prohibited personnel practice" which would be futile since the Pro Se Plaintiff has not established

2

that he has exhausted his administrative remedies with respect to his proposed "prohibited personnel practices" claim. Moreover, the proposed Amended Complaint is void of any reference to any jurisdictional basis for the proposed Amended Complaint. See Foman v. Davis, 371 U.S. 178, 182 (1962).

Date:  June 7, 2007