IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00055-MJW-CBS

WILLIAM C. BUTLER,

    Plaintiff,

v.

DIRK KEMPTHORNE, Secretary, U.S. Department of the Interior,

    Defendant.

## ORDER ON
## DEFENDANT'S MOTION TO DISMISS (Docket No. 27)

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this Court pursuant to the Order Of Reference Pursuant to 28 U.S.C. § 636(c) filed on March 28, 2007, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge.

### I.  PLAINTIFF'S ALLEGATIONS AND CLAIM

Plaintiff, a geologist, claims that Defendant discriminated against him based on his age when he was separated from the United States Geological Survey (USGS), an agency within the United States Department of the Interior, in October 1995 during a reduction in force (RIF).  Plaintiff alleges that he was employed by the USGS for more than seventeen years when, on August 14, 1995, he received a notice stating that his position would be eliminated on October 14, 1995.  On or about October 14, 1995, the USGS implemented the RIF and Plaintiff was separated from the USGS.  Plaintiff

asserts that he was fifty-one years old at the time of his separation. Plaintiff's claim of age discrimination is asserted pursuant to the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621-634.

## II.  PENDING MOTION

On April 3, 2007, Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (docket no. 27) was filed. Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust administrative remedies. On April 6, 2007, Plaintiff filed his response to the motion to dismiss. On April 27, 2007, Defendant filed a reply and on April 30, 2007, Plaintiff filed an amended response. The Court has carefully considered the motion to dismiss, the responses, the reply thereto, and the applicable case law and Federal Rules of Civil Procedure. The Court now being fully informed enters the following order.

## III.  STANDARD OF REVIEW

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows the Court to dismiss an action if the Court lacks subject matter jurisdiction. Because federal courts are courts of limited jurisdiction, there is a presumption against the existence of jurisdiction and "[t]he party invoking the jurisdiction of the court has the duty to establish that federal jurisdiction does exist." Basso v. Utah Power & Light Co., 495 F. 2d 906, 909 (10th Cir. 1974); see also United States v. Bustillos, 31 F.3d 931, 933 (10th Cir. 1994) (noting that "[t]he party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction.").

Motions to dismiss a complaint for lack of subject matter jurisdiction pursuant to

Rule 12(b)(1) generally take one of two forms. See Holt v. United States, 46 F.3d 1000, 1002-03 (10th Cir. 1995).

> First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true. Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

Id. (internal citations omitted). The Court must convert a Rule 12(b)(1) motion to dismiss into a summary judgment motion if "resolution of the jurisdictional question is intertwined with the merits of the case." Id. at 1003. "The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case." Id.

Defendant's motion to dismiss for lack of subject matter jurisdiction in the instant action falls into the second category because Defendant is challenging the factual basis for jurisdiction and not the sufficiency of the complaint. The Court also finds that the issue of exhaustion of administrative remedies is not intertwined with the merits of the case. Therefore, the Court will consider the documents submitted by the parties that are relevant to the exhaustion issue and will not convert Defendant's motion into a motion for summary judgment.

## IV.  DISCUSSION

**A.  Factual Background**.  As noted above, Plaintiff was notified of the pending RIF in an August 14, 1995, letter.  A copy of the RIF notice is attached to the Complaint at Appendix B, pages 28A-28B.  The RIF notice advised Plaintiff that he could challenge his separation by appealing to the Merit Systems Protection Board (MSPB) within thirty days after the effective date of the RIF.  On August 25, 1995, Plaintiff wrote a letter to the Office of Special Counsel of the Department of the Interior (OSC) challenging his pending separation.  A copy of Plaintiff's August 25 letter to the OSC is attached to the Complaint at appendix B, page 28.  Plaintiff complained in the August 25 letter that "[t]his RIF was not about reducing positions in programs.  It was about targeting people for various reasons."  (Compl. at App. B, p.28.)  Plaintiff specifically asserted that his termination was "a result of differences of opinion with a former office chief" and that he was "a victim of politics."  (Id.)  Plaintiff did not file an appeal to the MSPB within thirty days after the effective date of the RIF.

Two other geologists, Candace Throckmorton and Kathryn Nichols, who also were separated from the USGS in the same RIF, initiated counseling with an equal employment opportunity (EEO) counselor on November 10, 1995.  According to the report filed by the EEO counselor, a copy of which is attached to Defendant's motion to dismiss as Exhibit A-3, Throckmorton and Nichols

> alleged that they and all other female Geologists . . . age 40 or older (as of October 15, 1995) in the Denver commuting area who were separated or changed to a lower grade as a result of the U.S. Geological Survey (USGS) reduction-in-force (RIF) effected on October 14, 1995, were

> discriminated against illegally by disparate impact as compared to men similarly situated.

(Def.'s Mot. to Dismiss at Ex. A-3, p.2.)

On January 18, 2000, Throckmorton and Nichols filed a formal complaint regarding the October 1995 RIF. A copy of the January 18 formal complaint is attached to Defendant's Motion to Dismiss as Exhibit A-1. Throckmorton and Nichols sought class certification for their complaint and alleged that "[t]he class consists of all female geologists . . ., age 40 or older (as of October 15, 1995) in the Denver commuting area who were involuntarily separated or downgraded in a discriminatory manner through those RIF actions." (Def.'s Mot. to Dismiss at Ex. A-1, p.2.) An administrative judge initially denied class certification. However, in March 2003, the Equal Employment Opportunity Commission (EEOC) reversed the administrative judge's class-certification decision and ordered that the complaint be allowed to proceed on a class basis. The EEOC determined that the appropriate class included both male and female geologists over age 40 who were affected adversely by the RIF. The EEOC also remanded the matter to the USGS for a final agency decision on the issue of whether the class was subjected to discrimination on the basis of age in the RIF. On February 15, 2005, the agency issued a final agency decision finding no discrimination.

Pursuant to the relevant regulations, Throckmorton then filed an appeal of the final agency decision to the MSPB and again sought class certification. On May 2, 2005, the administrative judge assigned to the case denied the request for class certification.

On June 8, 2005, Plaintiff filed an appeal to the MSPB challenging the 1995 RIF.

On June 24, 2005, an administrative judge issued an order to show cause to Plaintiff regarding the timeliness of his appeal. On July 12, 2005, the administrative judge dismissed Plaintiff's appeal as untimely. Plaintiff then filed a petition for review of the administrative judge's decision. The MSPB consolidated Plaintiff's petition for review with that of Mary Carey. On September 27, 2006, the MSPB issued its final decision denying the consolidated petitions for review and upholding the determinations that Plaintiff's and Carey's appeals were untimely. A copy of the MSPB's September 27 order is attached to Defendant's Motion to Dismiss as Exhibit A-2. The MSPB specifically considered whether Plaintiff and Carey "intended to preserve their right to file Board appeals but delayed doing so because they reasonably believed that Throckmorton and Nichols were pursuing EEO counseling and a discrimination claim on their behalf." (Def.'s Mot. to Dismiss at Ex. A-2, p.9.) The MSPB concluded "[t]hat is not what happened, however." (Id.) The MSPB specifically stated that neither Carey nor Butler had

> shown or even alleged, that as to the first 8 years in the 10-year period between the RIF and their filing of these appeals, they delayed filing with the Board based on a belief that their rights were being preserved because others were pursuing relief on their behalf at the agency level and before the EEOC.

(Id. at 10.) The MSPB ultimately concluded that "for the first 8 years after the RIF, [Carey and Butler] did not wish to pursue the EEO process at the agency level and did not wish to file Board appeals." (Id. at 11.)

Plaintiff appealed the MSPB's September 2006 decision to the EEOC. On December 14, 2006, the EEOC determined that it lacked jurisdiction and denied

consideration of Plaintiff's appeal because the MSPB had dismissed Plaintiff's appeal as untimely and did not consider the merits of his claim of discrimination.  The EEOC notified Plaintiff in its December 14 decision of his right to seek judicial review.  Plaintiff then filed the instant action claiming that Defendant eliminated Plaintiff's position with the USGS on the basis of Plaintiff's age in violation of the ADEA.

**B.  Legal Analysis**.  The ADEA "broadly prohibits arbitrary discrimination in the workplace based on age."  Lorillard v. Pons, 434 U.S. 575, 577 (1978) (citing 29 U.S.C. § 623(a)).  Without addressing the merits of Plaintiff's age discrimination claim, Defendant argues that this action must be dismissed for lack of subject matter jurisdiction because Plaintiff failed to exhaust administrative remedies.  "A Plaintiff's exhaustion of his or her administrative remedies is a jurisdictional prerequisite to suit under the ADEA."  Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005).

In general, an individual must file a charge with the EEOC prior to filing suit pursuant to the ADEA so that the agency "can attempt to eliminate the alleged unlawful practice through informal methods."  Lorillard, 434 U.S. at 580; see also 29 U.S.C. § 623(d); Shikles, 426 F.3d at 1308.  After allowing the EEOC sixty days to attempt to conciliate the alleged unlawful practice, and assuming the EEOC has not filed suit on the individual's behalf, the individual may file suit.  See Shikles, 426 F.3d at 1308 (citing 29 U.S.C. § 623(c) & (d)).  "To the extent that the charge filing requirements of the ADEA and Title VII are similar, courts must construe them consistently."  Id. at 1309.

The issue of exhaustion of administrative remedies is somewhat more complicated in the instant action because Plaintiff's claim of age discrimination stems from an employment action that also was appealable to the MSPB.  This is known as a mixed case.  See 29 C.F.R. § 1614.302(a).  An aggrieved employee in a mixed case has the option of filing an administrative complaint with the EEOC or filing an appeal with the MSPB, but not both.  See 29 C.F.R. § 1614(b).  If the employee initially files an appeal with the MSPB and ultimately disagrees with the final decision of the MSPB, the employee then may petition the EEOC for review of the allegedly discriminatory action.  See 5 U.S.C. § 7702(b)(1).

Defendant argues that Plaintiff failed to exhaust administrative remedies because Plaintiff never filed a timely appeal to the MSPB and he never filed a complaint of discrimination with the EEOC.  Plaintiff, on the other hand, argues that this action should not be dismissed for failure to exhaust administrative remedies because the EEOC issued to him a notice of right to sue, because he filed a timely challenge to the RIF in August 1995 when he sent a letter to the OSC complaining about the RIF, because he wrote to and spoke with his Congressman in 1995 regarding the RIF, and because the administrative proceedings initiated by Throckmorton and Nichols satisfy the requirement that administrative remedies be exhausted.  Plaintiff provides no authority for his contentions that either the EEOC's notice of right to sue or his communication with his Congressman demonstrate exhaustion of administrative remedies.  Therefore, the Court finds that neither the EEOC's notice of right to sue nor Plaintiff's communication with his Congressman provide any basis to deny Defendant's

motion to dismiss.

Plaintiff's August 25, 1995, letter to the OSC also does not demonstrate that he has exhausted administrative remedies because Plaintiff never alleged in that letter that he was discriminated against on the basis of his age.  A relevant regulation regarding cases of employment discrimination under Title VII provides that an administrative complaint "must be sufficiently precise . . . to describe generally the action(s) or practice(s) that form the basis of the complaint."  29 C.F.R. § 1614.106(c).  As noted above, Plaintiff complained in the August 25 letter only that his termination was "a result of differences of opinion with a former office chief" and that he was "a victim of politics."  (Compl. at App. B, p.28.)  Nothing in Plaintiff's August 25 letter alerted the USGS to the claim Plaintiff is asserting in this action that he was terminated because of his age.  Therefore, the Court finds that Plaintiff's August 25 letter does not satisfy the exhaustion requirement.

Plaintiff's argument that the administrative proceedings initiated by Throckmorton and Nichols satisfy the requirement that administrative remedies be exhausted also lacks merit.

> Federal courts universally hold that an individual who has not filed an administrative charge can opt-in to a suit filed by any similarly situated plaintiff under certain conditions.  This so-called 'single-filing rule' generally allows a plaintiff, who did not file an EEOC charge, to piggyback on the EEOC complaint filed by another person who is similarly situated.  The policy behind the single filing rule is that it would be wasteful, if not vain, for numerous employees, all with the same grievance, to have to process many identical complaints with the EEOC.  As long as the EEOC and the company are aware of the nature and scope of the allegations, the purposes behind the filing requirement are

>   satisfied and no injustice or contravention of congressional intent occurs by allowing piggybacking.

Thiessen v. Gen. Elec. Capital Corp., 267 F.3d 1095, 1110 (10th Cir. 2001) (citations and internal quotation marks omitted).  Plaintiff was not similarly situated to Throckmorton and Nichols because they complained of discrimination against female geologists over age forty.  Plaintiff is not a member of that class because he is not female.  Therefore, the administrative proceedings initiated by Throckmorton and Nichols did not make the USGS or the EEOC aware of the nature of Plaintiff's allegations of age discrimination.

Furthermore, the fact that the EEOC in 2003 expanded the Throckmorton and Nichols class to include all geologists over the age of forty does not demonstrate that Plaintiff exhausted administrative remedies.  "[G]overnment 'agencies do not waive a defense of untimely exhaustion merely by accepting and investigating a discrimination complaint.'"  Belgrave v. Pena, 254 F.3d 384, 387 (2d Cir. 2001) (quoting Bowden v. United States, 106 F.3d 433, 438 (D.C. Cir. 1997)).  Plaintiff's claim of age discrimination was not included in the administrative proceedings timely filed by Throckmorton and Nichols in 1995.  In fact, as the MSPB found in its September 2006 decision, Plaintiff did not wish to pursue administrative remedies for the first eight years after the RIF was implemented in 1995.  Therefore, consideration of Plaintiff's claim in 2003 does not excuse his failure to exhaust administrative remedies.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P.

Case 1:07-cv-00055-MJW-CBS   Document 59   Filed 08/24/07   USDC Colorado   Page 11 of 11

12(b)(1) (docket no. 27) is granted.  This is case is dismissed with prejudice.


Dated: August 24, 2007                                    S/ Michael J. Watanabe
       Denver, Colorado                                    Michael J. Watanabe
                                                                       United States Magistrate Judge

11