IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00055-MJW-CBS

WILLIAM C. BUTLER,

    Plaintiff,

v.

DIRK KEMPTHORNE, Secretary, U.S. Department of the Interior,

    Defendant.

---

**ORDER REGARDING
PLAINTIFF'S MOTION TO ALTER ORDER ON DEFENDANT'S MOTION TO DISMISS
(DOCKET NO. 59) AND JUDGMENT FOR DISMISSAL (DOCKET NO. 60)
(Docket No. 61)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

    This matter is before this court on an Order of Reference pursuant to 28 U.S.C. § 636(c) filed on March 28, 2007, and the parties' unanimous consent to disposition of this action by a United States Magistrate Judge.

    Before the court is the Plaintiff's Motion to Alter Order on Defendant's Motion to Dismiss (docket no. 59) and Judgment for Dismissal (docket no. 60) (Docket No. 61). The court has further reviewed the subject motion (docket no. 61)and the response thereto (docket no. 62). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The

court now being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

A motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is warranted only when there exists: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

Here, the court finds that Plaintiff does not allege an intervening change in the controlling law in his subject motion.  Moreover, Plaintiff does not purport new facts to be new evidence or claim that such facts were previously unavailable.  Plaintiff simply argues that the court was wrong in its ruling, and Plaintiff has failed to demonstrate clear error or manifest injustice. James v. Platte River Steel Co., 113 Fed. Appx. 864, 868-69 (10th Cir. 2004).  Accordingly, whether under Fed. R. Civ. P. 46 or 59(e), the Plaintiff has failed to meet his burden of proof, and therefore Plaintiff's Motion to Alter Order on Defendant's Motion to Dismiss (docket no. 59) and Judgment for Dismissal (docket no. 60) (docket no. 61) should be denied.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court

**ORDERS** that Plaintiff's Motion to Alter Order on Defendant's Motion to Dismiss (docket no. 59) and Judgment for Dismissal (docket no. 60) (Docket No. 61) is

3

**DENIED**.  Each party shall pay their own attorney fees and costs for this motion.

Done this 25th day of September 2007.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE